③

FILED

AUG 1 1 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12

In re                              )      Case No. 04-26068-C-7
                                   )
CRAIG L. SALVAGNO and              )      DC No. MOH-1
RENE J. SALVAGNO,                  )
                                   )
        Debtors.                   )
_____)

13
14

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are

15

rendered in this contested matter pursuant to Federal Rule

16

of Civil Procedure 52 as incorporated by Federal Rules of

17

Bankruptcy Procedure 7052 and 9014.

18

Jurisdiction

19

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is

20

a core proceeding.  28 U.S.C. § 157(b)(2)(K).

21

Findings of Fact

22

On July 5, 2005, debtors filed a motion, notice, and

23

certificate of service requesting that this court avoid a

24

judgment lien in favor of Citibank.  A hearing was scheduled

25

for August 9, 2005 to consider the motion.  Upon review of

26

the record, the court determined that the written record was

27

adequate and that no oral argument was necessary.

28

The court notes that debtors' counsel filed a

declaration regarding the proof of service, which states he

26

searched the Secretary of State's website for Citibank's

agent for service of process.  However, the only results

showed that Citibank was "forfeited" and "dissolved."

Additionally, counsel contacted a bankruptcy representative

who informed him that she was not aware of any designated

agent for service of process.  As a consequence, counsel

served Citibank c/o the attorney who recorded the abstract,

as well as a Centralized Bankruptcy Department within

Citibank.

Exhibit B to counsel's declaration is a letter

addressed to the debtor received from a bankruptcy

representative regarding the subject lien.  The letter is

captioned "CITI" and the bankruptcy representative is

employed by "Citicorp Credit Services, Inc. USA."

Conclusions of Law

A.    SERVICE REQUIREMENTS

Federal Rule of Bankruptcy Procedure 9014(b) requires

that a motion initiating a contested matter "shall be served

in the manner provided for service of a summons and

complaint by Rule 7004."  Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(3)

provides in pertinent part:

> Except as provided in subdivision(h), in
> addition-to the methods of service
> authorized by Rule 4(e)-(j) F.R.Civ.P.,
> service may be made within the United
> States by first class postage prepaid as
> follows... Upon a domestic or foreign
> corporation or upon a partnership or
> other unincorporated association, by
> mailing a copy of the summons and
> complaint to the attention of an
> officer, a managing or general agent, or

2

to any other agent authorized by
appointment or by law to receive service
of process and, if the agent is one
authorized by statute to receive service
and the statute so requires, by also
mailing a copy of the defendant.

Fed. R. Bank. P. 7004(b)(3).

Here, debtors' service of motion does not comply with
the requirement to serve the motion to the attention of an
officer or other agent authorized as provided in Rule
7004(b)(3).  Beneficial California, Inc. v. Villar (In re
Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004).  Although the
declaration states that counsel unsuccessfully searched for
Citibank's agent for service of process, Citibank's parent
company, Citicorp Credit Services, Inc., as it appears in
Exhibit B, does have an agent for service of process.

Alternatively, if an agent for service of process
cannot with reasonable diligence be found at the address
designated for personally delivering the process, the court
may make an order that the service may be made upon the
corporation by delivering by hand to the Secretary of State
one copy of the process for each defendant to be served,
together with a copy of the order authorizing such service.
See California Corporations Code § 1702 and California Code
of Civil Procedure § 416.10.

Accordingly, the motion is denied.

An appropriate order will issue.

Dated: August 11, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

3